## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| YOLANDA N. WALTERS RHABB | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| RMISERVICES GROUP, LLC, a | ) |
| Georgia corporation and | ) |
| TRACI ROBINSON an individual, | ) |
| | ) |
| Defendants. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Yolanda N. Walters Rhabb (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants RMISERVICES GROUP, LLC (hereinafter "RMI") and Traci Robinson (hereinafter "Robinson") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff Rhabb's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff Rhabb of her lawful overtime wages.

2. Defendants employed Plaintiff Rhabb in various positions at its office at 100 Peachtree Street, Suite 2120, N.E., Atlanta Georgia, 30303 (Defendants' Atlanta Office).

3. During the employment of Plaintiff Rhabb, Defendants committed violations of the FLSA by failing to compensate Plaintiff Rhabb at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff Rhabb seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff Rhabb resides in Atlanta, Fulton County, Georgia (within this District).

8. At all times material to this action, Plaintiff Rhabb was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

9. Plaintiff Rhabb is further covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendants.

10. Defendants conduct business within this State and District.

11. Upon information and belief, Defendant Robinson is the owner of Defendant RMI and is its Registered Agent.

12. Defendant RMI is an LLC Corporation formed under the laws of the State of Georgia.

13. Defendant RMI is located within this District with its principal office address at 400 W. Peachtree St., NW, Atlanta, Georgia, 30308.

14. Defendant RMI is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Traci Robinson, 400 W. Peachtree St., NW, Atlanta, Georgia, 30308.

15. Defendant Robinson is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 400 W. Peachtree St., NW, Atlanta, Georgia, 30308

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Defendants.

17 At all times material to this action, Defendant RMI was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Plaintiff Rhabb was engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA

19. At all times material to this action, Defendants were "employers" of Plaintiff Rhabb as defined by § 203(d) of the FLSA.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

21. Upon information and belief, Defendants provide collection services.

22. Defendants employed Plaintiff Rhabb in various position including those titled as a Caller, Collector, Team Lead, Floor Supervisor and Collections Manager from on or about September, 2012 thru on or about March 10, 2016.

23. Upon information and belief, Defendants compensated Plaintiff Rhabb initially on an hourly basis and subsequently on a salary basis.

24. Defendants required Plaintiff Rhabb to regularly work in excess of forty hours per week during the time relevant to this action.

25. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

26. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff Rhabb during at least major time portions relevant to this action.

27. Defendants failed to meet the requirements for paying Plaintiff Rhabb at a rate not less than one and one-half times the regular rate at which she was employed, at

which Plaintiff Rhabb was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

28. Plaintiff is entitled to compensation for any and all time worked the rate of at least one and one-half times her rate at which she was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

29. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff Rhabb has suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendants' failure to act with good faith in compensating Plaintiff Rhabb, she is entitled to liquidated damages.

31. Plaintiff Rhabb has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff Rhabb is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

32. Plaintiff Rhabb demands a jury trial.

## COUNT I

33. Plaintiff Rhabb repeats and incorporates by reference all preceding Paragraphs herein.

34. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff Rhabb in accordance with §§ 203, and 207 of the FLSA.

35. Defendants have not made a good faith effort to comply with the FLSA with respect to their minimum wage and overtime compensation of Plaintiff.

36. As a result of Defendants' violations of the FLSA, Plaintiff Rhabb has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

37. As a result of the unlawful acts of Defendants, Plaintiff Rhabb has been deprived overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rhabb, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff Rhabb be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff Rhabb be awarded reasonable attorneys' fees;

C. That Plaintiff Rhabb be awarded the costs and expenses of this action; and

D. That Plaintiff Rhabb be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 28th day of March, 2016.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax